```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
PETER T. DeVITTORIO, RALPH TANCREDI,      :
MICHAEL MARINELLI and EDWARD ARCE,
                                          :   07 Civ. 0812 (WCC)
                Plaintiffs,
                                          :   **ECF CASE**

        - against -
                                          :

DAVID HALL, individually, ANTHONY         :
MARRACCINI, individually, and the
TOWN/VILLAGE OF HARRISON, New York,       :

                                          :
                Defendants.
- - - - - - - - - - - - - - - - - - - - X
STEPHEN M. CARPINIELLO, WILLIAM C.         :
DUFFELMEYER, MICHAEL WALTHER, PAUL
SPICONARDI, ARTHUR MARINELLI, STEVEN       :   07 Civ. 1956 (WCC)
HEISLER, SCOTT FORREST and JEFF NARDI,
                                           :   **ECF CASE**
                Plaintiffs,
                                           :

        - against -
                                           :   **OPINION**
                                               **AND ORDER**
                                           :

DAVID HALL, individually, ANTHONY          :
MARRACCINI, individually, and the
TOWN/VILLAGE OF HARRISON, New York,        :

                                           :
                Defendants.
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

LOVETT & GOULD
**Attorneys for Plaintiffs**
222 Bloomingdale Road - Suite 305
White Plains, New York 10605

JONATHAN LOVETT, ESQ.

    Of Counsel

BOND SCHOENECK & KING PLLC
**Attorneys for Defendants**
1399 Franklin Avenue, Suite 200
Garden City, New York 11530

MARK N. REINHARZ, ESQ.

    Of Counsel

**Copies E-Mailed to Counsel of Record**

**CONNER, Senior D.J.:**

Plaintiffs, Peter DeVittorio ("DeVittorio"), Michael Marinelli ("Marinelli"), Ralph Tancredi ("Tancredi") and Edward Arce ("Arce"), bring this action under 42 U.S.C. § 1983 alleging violations of their rights under the First, Fourth and Fourteenth Amendments of the United States Constitution and violations of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. § 2520. Defendants, David Hall ("Hall"), Anthony Marraccini ("Marraccini") and Town/Village of Harrison, New York (the "Town" or "Harrison") moved to disqualify plaintiffs' counsel Lovett & Gould LLP ("L&G") on the grounds that Marraccini was a current client of L&G, and L&G had represented him in prior substantially related matters. The Court denied this motion in an Opinion and Order (the "Order") dated December 12, 2007, and defendants now seek certification of that Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons stated below, defendants' motion is denied.

## BACKGROUND

The facts giving rise to this action are set forth in this Court's Order, with which familiarity is presumed. Plaintiffs are police officers for the Town Police Department (the "Department"). Plaintiffs are also members and officers of the Police Benevolent Association ("PBA"). (Complt. ¶¶ 3-6.) Plaintiffs allege that Hall, the Town's Chief of Police, and Marraccini, a Captain in the Department, installed a closed-circuit television camera and audio recorder in the men's locker room at Police Headquarters. (*Id*. ¶¶ 7-10.) They claim that defendants used the equipment to tape officers in various states of undress, and record and listen to conversations regarding alleged departmental corruption and personal information regarding their objectives as members and officers of the PBA. (*Id*. ¶ 11.) Plaintiffs Marinelli and Tancredi also claim that defendants retaliated against

1

them for reporting the camera and expressing concerns as PBA members. Plaintiffs claim that Marraccini made false accusations against Tancredi and influenced members of the PBA to run as candidates on his "slate" to take control of the PBA.

Defendants, represented by Bond, Schoeneck & King, PLLC ("BSK"), moved to disqualify plaintiffs' counsel L&G on the grounds that Marraccini was a current client of L&G and that L&G previously represented Marraccini in a number of substantially related matters. (Defs. Mem. Supp. Mot. to Disqualify Pls.' Counsel at 1.) It is uncontested that L&G previously represented Marraccini in the following matters: (1) in January 1992 L&G defended Marraccini when disciplinary charges were brought against him for alleged violations of the Department's rules and regulations, charges which Marraccini believed were brought in retaliation for his support of his brother in an election for Town Mayor/Supervisor; (2) in August 1992, L&G filed a federal civil rights lawsuit under 42 U.S.C. § 1983 on behalf of Marraccini against the Town and members of the Department, alleging that the disciplinary charges and the fact that Marraccini was passed over for promotion were in retaliation for Marraccini's exercise of his First Amendment right to support his brother's campaign; (3) in 1996 L&G wrote to the PBA on behalf of Marraccini when he received what he considered to be a threatening letter from the PBA, stating that legal action would ensue if the PBA took any retaliatory action against Marraccini; (4) in November 1997 L&G filed another federal civil rights lawsuit under 42 U.S.C. § 1983 on behalf of Marraccini, alleging that defendant Sam Fanelli ("Fanelli") and several Town Board members violated Marraccini's First Amendment rights; (5) in November 1998 Fanelli filed a federal civil rights suit against Marraccini, the Department and other officers, and in February 1999 L&G filed a motion to disqualify Friedman & Harfenist as counsel for Marraccini and substitute L&G. Marraccini also claimed to have continued a relationship with

2

L&G and its senior partner, Jonathan Lovett after this, discussing confidential attorney-client matters on numerous occasions.

In our previous Order, we denied defendants' motion to disqualify L&G, finding that there was no current attorney-client relationship between Marraccini and L&G and there was no substantial relationship between the issues in the current action and those in the prior matters. Defendants now ask this Court for certification of that Order for interlocutory appeal pursuant to § 28 U.S.C. 1292(b), contending that there is a controlling legal issue with regard to whether the matters are substantially related and there exists a substantial difference of opinion on that issue.

**ANALYSIS**

Section 1292(b) provides that a district court may certify an immediate appeal of an interlocutory order if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "District court judges have broad discretion to deny certification even where the statutory criteria are met." *Estevez-Yalcin v. The Children's Vill.*, 2006 WL 3420833, at *1 (S.D.N.Y. Nov. 27, 2006) (internal quotation marks and citation omitted). The Second Circuit Court of Appeals has consistently instructed district courts to "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992); *see also Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (noting that "the power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law") (internal quotation marks and citation omitted). Thus "only 'exceptional circumstances [will] justify

a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer*, 921 F.2d at 25 (quoting *Coopers & Lybrand*, 437 U.S. 463, 475 (1978)); *see Flaherty v. Filardi*, 2007 WL 1827841, at *1 (S.D.N.Y. June 26, 2007) ("Interlocutory appeals under [this section] are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule.") (internal quotation marks and citation omitted).

Therefore, to prevail on this motion, defendants must demonstrate that (i) there is a controlling question of law, (ii) about which there is a substantial difference of opinion, and (iii) an appeal would materially advance the ultimate termination of the lawsuit.

## I. Controlling Legal Issues

A controlling legal issue is a question of law, not one of factual dispute where the court applies well-settled legal principles. *See Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d. Cir. 1991) ("Where, as here, the controlling issues are questions of fact, . . . the federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court."); *Gilbert v. Seton Hall Univ.*, 2001 WL 1602167, at *3 (E.D.N.Y. Nov. 27, 2001) (finding no controlling legal issue where the law of assumption of risk was fairly well settled and defendant's arguments for certification for interlocutory appeal depended on decisions which were clearly considered, relied upon, and/or factually distinguished by the judge in making the original determination). A question of law may also be controlling if it substantially affects a large number of cases, see *Genentech, Inc. v. Novo Nordisk A/S*, 907 F. Supp. 97, 99 (S.D.N.Y. 1995), or if reversal of the district court's order would terminate the action, see *Klinghoffer*, 921 F.2d at 24.

Defendants state that "the parties dispute the applicability of the facts to the law governing successive representations." (Defs. Mem. Supp. Mot. Seeking Cert. Court's 12/12/07 Order at 4.) Plaintiffs assert that the issues, therefore, are not legal but factual because the law of conflicts of interest is well settled. (Pls. Mem. Opp. Mot. Seeking Cert. Court's 12/12/07 Order at 6-7.) They argue that factual disputes do not provide ground for certification, and defendants are seeking premature appellate review because they feel the Court misapplied the law to the facts. (*Id*. at 6.)

Defendants have not raised any controlling legal issues, but are merely displeased with this Court's conclusion that plaintiffs' counsel would not be disqualified because there was no substantial relationship between the current litigation and the prior matters in which L&G represented Marraccini. "But a litigant, who is dissatisfied with a court ruling, may not utilize § 1292(b) as a means for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts." *Estevez-Yalcin*, 2006 WL 3420833, at *3 (internal quotation marks and citation omitted). The determination of substantial similarity in our Order turns on application of the well-settled doctrine of conflicts of interest to the facts of this case; there is no issue as to whether controlling legal authority was correctly stated. *See Flaherty*, 2007 WL 1827841, at *2 (finding plaintiff's arguments did not present a question as to a controlling issue of law because the case plaintiff cited for support of her position outlined the same standards for analysis as the earlier court opinion and the fact that the ultimate factual determination in that case was different from the outcome reached by the court did not raise a controlling question of law). Consequently, defendants' argument that the law governing conflicts of interest should be applied differently to the facts in this case fails to provide an adequate basis for § 1292(b) certification. *See Morris v. Flaig*, 511 F. Supp. 2d 282, 315 (E.D.N.Y. 2007) ("In the instant case, the questions presented for interlocutory appeal

5

by plaintiffs would require the Second Circuit to review this Court's application of the law to the facts presented at trial. . . . Under these circumstances, such questions do not present issues of 'pure law' and therefore are not appropriate for interlocutory review.").

Defendants argue that "[d]enials of motions to disqualify counsel are regularly appealed on an interlocutory basis." (Defs. Mem. Supp. Mot. Seeking Cert. Court's 12/12/07 Order at 3 (citing *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 836 F.2d 1332, 1335 (Fed. Cir. 1988).) In *Telectronics*, the district court stated in the Certification Order that the issue was whether a patent attorney could work with an inventor to draft or prosecute a patent application and subsequently represent interests seeking to invalidate or narrowly construe the same patent. *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 173 (S.D.N.Y. 1987). The court stated that there was no authority within the Second Circuit on the particular issue but there was substantial ground for difference of opinion based on two conflicting district court decisions. *Id*. at 174. The Federal Circuit accepted an appeal from the Order denying disqualification. *Telectronics*, 836 F.2d at 1335.

In *Genentech*, the defendants also argued that certification of an order disqualifying a law firm was appropriate, relying on *Telectronics*. 907 F. Supp. at 99. The court noted, however, that an issue must raise a controlling question of law in its own right to merit certification, and determined that certification is appropriate only in "exceptional" cases, whether the issue is attorney disqualification or not. *Id*. (finding no controlling issue of law because the determination turned on the specific facts, therefore the issues were factual rather than legal and further consideration would not likely influence the outcome of many other cases); *see also Multi-Juice, S.A. v. Snapple Beverage Corp.*, 2003 WL 21998970, at *3 (S.D.N.Y. Aug. 21, 2003) (on motion for certification for appeal

from order disqualifying attorney, concluding there was no controlling legal issue because the case did not present a situation in which the reversal of the court's decision would result in dismissal of the action and reversal would not have precedential value for a large number of cases because the determination was based on a fact-specific analysis). We agree with the reasoning of the *Genentech* decision. Although we do not dispute that an order deciding attorney disqualification could be subject to interlocutory appeal, we find that this case does not present a controlling legal issue or a substantial ground for difference of opinion like *Telectronics* because, as discussed below, there is no split in legal authority here. This is simply a run-of-the-mill disqualification issue similar to the issue in *Genentech*.

Defendants argue that the Order "not only affects the present actions, but affects numerous other pending cases as well." (Defs. Mem. Supp. Mot. Seeking Cert. Court's 12/12/07 Order at 6.) They note there are related pending cases in which L&G, acting as plaintiffs' counsel, will likely depose and cross-examine Marraccini.[1] They also argue that a determination by the Second Circuit "on this issue will certainly impact countless other cases involving attorney (mis)conduct into the future." (*Id*.) Plaintiffs assert that pre-trial depositions are unnecessary in the present and related matters and will therefore not be taken. (Pls. Mem. Opp. Mot. Seeking Cert. Court's 12/12/07 Order at 2.)

"A question [of law] can also be controlling if it substantially affects a large number of cases." *Genentech*, 907 F. Supp. at 99; *see Flaherty*, 2007 WL 1827841, at *1. We do not agree

---

[1] According to defendants, the following actions pending in this district are related to the current action: *Duffelmeyer v. Marshall*, 07-civ-2807 (KMK) and *Saenz v. Town/Village of Harrison*, 07-civ-10534 (WCC). However, according to the Court docket, the related actions are: *DeVittorio v. Malfitano*, 07-civ-11353 (WCC) and *Tancredi v. Malfitano*, 07-civ-9617 (WCC).

with defendants that an appeal of this Order would impact "countless" other future cases involving attorney conflicts. There are only two pending related cases. Additionally, because this decision was fact specific and did not involve conflicting legal standards or new issues of law, we find it would have little precedential value for future attorney conflict cases. A question of law can also be controlling if "reversal of the district court's order would terminate the action." *Klinghoffer*, 921 F.2d at 24. Reversal of the Order denying disqualification of L&G would not terminate this action. We find there is no controlling issue of law.

## II.     Substantial Difference of Opinion

Defendants argue that there are substantial grounds for a difference of opinion, citing *Fernandez v. City of New York*, 2000 WL 297175 (S.D.N.Y. Mar. 21, 2000). (Defs. Mem. Supp. Mot. Seeking Cert. Court's 12/12/07 Order at 7.) They argue that under similar facts the court in *Fernandez* held that disqualification was required. (*Id*.) They conclude that "[i]n light of the caselaw supporting disqualification, there certainly exists [sic] substantial grounds for differences of opinion." (*Id*. at 8.)

"A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion. Rather, there must be 'substantial doubt' that the district court's order was correct." *Estevez-Yalcin*, 2006 WL 3420833, at *4 (internal quotation marks and citation omitted) (finding plaintiffs were "merely quibbling with [the] Court's application of the facts to the law, not with the underlying legal rule" because they did not advance any meritorious argument that governing law relied upon in the court's order was in error). Defendants cited *Fernandez* in their motion for disqualification, and this Court gave thorough consideration to

8

that decision and its applicability to the current matter in our Order. We will not rehash that analysis here; suffice it to say that the court in *Fernandez* applied the same legal standard for substantial similarity that we applied in our Order. Although *Fernandez* may have reached a different outcome on what defendants claim are similar facts, this is not enough to create substantial doubt about the law on the issue of attorney disqualification. Substantial doubt about the law requires more than defendants' argument that another court would have reached a different conclusion when applying the law to the facts of the case. We therefore conclude that there is no substantial difference of opinion about the applicable law. *See Compania Sudamericana de Vapores S.A. v. Sinochem Tianjin Co.*, 2007 WL 1002265, at *5 (S.D.N.Y. Apr. 4, 2007) (denying certification for interlocutory appeal where defendant's argument that a "substantial ground for difference of opinion exists is belied by the fact that only one district court opinion . . . supports its position"); *Multi-Juice*, 2003 WL 21998970, at *3 ("Plaintiffs cite no conflicting caselaw in this Circuit regarding differing standards for attorney qualification, and this Court could find none. To this end, there is not a 'substantial ground for difference of opinion' regarding law that governs attorney disqualification."); *Genentech*, 907 F. Supp. at 100 (finding no substantial doubt about the law on the issue of attorney disqualification because it "simply requires the application of well-settled conflict-of-interest rules, arising in all types of litigation").

### III.     Termination of the Lawsuit

Defendants argue that the parties risk a lengthy discovery process and possible trial with an attorney who could be disqualified on final appeal, and therefore an immediate appeal would materially advance the ultimate termination of the litigation. (Defs. Mem. Supp. Mot. Seeking Cert.

9

Court's 12/12/07 Order at 9.)

"An immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or to shorten the time required for trial. *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998) (internal quotation marks and citation omitted). "However, it is not enough that certification of an immediate appeal will not slow down this litigation; it must materially advance it." *Estevez-Yalcin*, 2006 WL 3420833, at *4 (citing *Isra Fruit Ltd. v. Agrexco Agric. Exp. Co.*, 804 F.2d 24, 26 (2d Cir. 1986)). In determining whether the third requirement has been satisfied, district courts should consider whether an appeal would "literally accelerate the action as a whole." *Genentech*, 907 F. Supp. at 100 (citation omitted) (acknowledging that although retaining new counsel after disqualification of an attorney is time-consuming, "it is not enough that certification will not slow down this litigation; it must materially advance it" to meet the requirements of 1292(b)); *Multi-Juice*, 2003 WL 21998970, at *3 (finding that although plaintiffs would avoid any costs associated with retaining new counsel if the court's order were reversed on interlocutory appeal, the reduction in expenses would be entirely unrelated to whether or not such an appeal will "materially advance the ultimate termination of the litigation."). We conclude that an appeal of our Order would not materially advance or accelerate this action. In fact, an appeal at this point would delay discovery and trial. Although it is obvious, as defendants argue, that this action must now proceed with counsel that could ultimately be disqualified on final appeal, that does not satisfy the requirements of 1292(b).

## CONCLUSION

For all the foregoing reasons, defendants' motion for certification of the Court's December 12, 2007 Opinion and Order for interlocutory appeal is denied.

SO ORDERED.

Dated: White Plains, New York
       January 25, 2008

*William C. Conner*
Sr. United States District Judge